IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ANTHONY JONES, AIS # 108586,** | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION 11-0713-WS-C |
| **CAROLINE SIDERIUS,** | : |
| Defendant. | : |

### REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prison inmate proceeding *pro se*,[1] was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. During the screening of the complaint, the Court discovered that this action is subject to provisions of 28 U.S.C. § 1915(g). Accordingly, it is recommended that this action be dismissed without prejudice under 28 U.S.C. § 1915(g) for the reasons noted below.

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

---

[1] By separate order, the Court is rescinding its prior order granting plaintiff leave to proceed *in forma pauperis* and requiring the payment of $14.23 for a partial filing fee. (Doc. 5).

>which relief may be granted, unless the prisoner is
>under imminent danger of serious physical injury.

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 215-16 (2007).

After reviewing the records of the United States District Courts for the Southern, Middle, and Northern Districts of Alabama, the Court discovered that plaintiff has at least three actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, namely, *Jones v. Mobile County District Court, et al.,* CA 92-0042-RV-M (S.D. Ala. Dec. 10, 1993) (frivolous); *Jones v. Boutwell, et al.,* CA 95-0518-BH-S (S.D. Ala. July 26, 1995) (frivolous), *appeal without arguable merit,* (11th Cir. Dec. 29, 1995);[2] *Jones v. English, et al.,* CA 95-1044-RV-M (S.D. Ala. Oct. 18, 1996) (frivolous); and *Jones v. Diamond, et al.,* 96-0293-RV-M (S.D. Ala. May 23, 1996) (frivolous). Thus, the present action comes within the scope of 28 U.S.C. § 1915(g).

In order to avoid the dismissal of the present action under § 1915(g), plaintiff must satisfy its exception, which requires that he show that he was "under imminent danger of serious physical injury" at the time of the complaint's filing. *See Adbul-Akbar*

---

[2] Plaintiff was denied leave to proceed *in forma pauperis* on appeal because the Eleventh Circuit Court of Appeals found his appeal to be without arguable merit, which is another way of saying that the appeal is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989) (holding an action that lacks that arguable legal merit is frivolous).

*v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied*, 533 U.S. 953 (2001); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) ("a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)"); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (the imminent danger of serious physical injury faced must be at the time the complaint is filed, not at a prior time).

In reviewing the complaint's allegations (Doc. 1), the Court does not discern a claim showing that plaintiff was "under imminent danger of serious physical injury" at the time he filed his brief complaint on or about December 14, 2011.[3] Plaintiff identifies May 21 and 24, 2001 as the dates when the incident of which he complains occurred. The sole defendant is Caroline Siderius, a Mobile County Assistant District Attorney, who prosecuted plaintiff. As a result of the prosecution, on May 21, 2001, plaintiff was convicted by a jury of first-degree rape, first-degree kidnapping, and first-degree sodomy even though he had an "ironclad airtight alibi" and the victim's identification was "way off." (*Id.* at 4).

---

[3] The date of filing for a prisoner action is the date that the prisoner delivers the document to officials for filing. *Houston v. Lack,* 487 U.S. 266, 270, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988) (delivery of prisoner's notice of appeal to prison officials for mailing to the court constituted filing); *Garvey v. Vaughn,* 993 F.2d 776, 783 (11th Cir. 1993) (applying *Houston v. Lack* to a prisoner's filing of a § 1983 action). Plaintiff signed the complaint on December 12, 2011 (Doc. 1 at 6), its envelope bears a postmark of December 14, 2011 (*id.* at 9), and the Court received the complaint on December 15, 2012. For the purposes of this recommendation, it is not necessary to determine the exact date of filing because the incident occurred in May, 2001, a considerable period of time before the complaint was filed, and no physical injury is alleged.

Plaintiff also contends that his "conviction was based on DNA reports that were inconsistent in one respect, and uncertain, plaintiff '. . . could be the source of DNA. . . etc." (*Id.* at 4, 5). Plaintiff states that "spermatozoa [was] detected on the rape-kit slide of which no DNA has ever been reported upon and which plaintiff by means of the instant complaint seeks access to." (*Id.* at 4). The relief requested is to have the Court order defendant "to allow plaintiff to independently test the vaginal smear slide upon which spermatozoa was observed[,]" because he has been wrongly convicted. (*Id.* at 4, 8).

In order to satisfy the exception to § 1915(g), "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown,* 387 F.3d at 1350. A plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient." *Ball v. Allen*, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (unpublished) (citations and quotation marks omitted) (Granade, C.J.). Furthermore, the allegations must demonstrate that at the time the complaint was filed the danger existed. *Id*. at *2.

Absent from the complaint is any reference to a physical injury, much less an injury that is imminent and serious. Thus, the Court concludes that plaintiff's allegations do not show that at the time of the complaint's filing that plaintiff was under imminent danger of serious physical injury.

Because plaintiff cannot avail himself of §1915(g)'s exception, and on account of his failure to pay the $350 filing fee at the time he filed this action, plaintiff's action is

4

due to be dismissed without prejudice. *Dupree*, 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he *initiates* the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied*, 535 U.S. 976 (2002). Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 25th day of September, 2012.

　　　　　　　　　　s/WILLIAM E. CASSADY
　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.   **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable Where Proceedings Tape Recorded)**.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[4] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED.R.CIV.P. 72(b)(2).

6